An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID ROBERT SCHMALL,
Appellant,
vs.
THE STATE OF NEVADA,
DEPARTMENT OF MOTOR VEHICLES
AND PUBLIC SAFETY,
Respondent.

No. 59764

**FILED**

FEB 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review of a sales license revocation. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

Following appellant David Schmall's guilty plea to the gross misdemeanor of impersonating a police officer, respondent Nevada Department of Motor Vehicles and Public Safety (the Department) revoked his car salesman license pursuant to its authority under NRS 482.362(4).[1] The district court denied Schmall's petition for judicial review and affirmed the Department's revocation of his license.

On appeal, Schmall argues (1) that NRS 482.362(4) is unconstitutionally vague because it allows for the revocation of a professional license based on reasons unrelated to the license-holder's fitness to practice that profession, and (2) in the alternative, that there is insufficient evidence to justify the revocation of his license.[2] We disagree.

---

[1] As the parties are familiar with the facts, we do not recount them further except as necessary to our disposition.

[2] The Department argues that Schmall waived his constitutional challenges to NRS 482.362(4) because he did not raise them until his NRCP 59(e) motion to alter or amend judgment in district court. See NRS

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

<u>Standard of review</u>

We review an administrative agency's decision in the same manner as the district court. <u>Garcia v. Scolari's Food & Drug</u>, 125 Nev. 48, 56, 200 P.3d 514, 520 (2009). We review questions of law de novo, and with regard to factual issues, our review is limited to determining whether the agency's decision is supported by substantial evidence. <u>Id.</u>

<u>NRS 482.362(4) is not unconstitutionally vague</u>

Schmall first asserts that NRS 482.362(4) is unconstitutionally vague. "Statutes are presumed to be valid, and the challenger bears the burden of showing that a statute is unconstitutional. In order to meet that burden, the challenger must make a clear showing of invalidity." <u>Silvar v. Dist. Ct.</u>, 122 Nev. 289, 292, 129 P.3d 682, 684 (2006) (footnotes omitted). It is a violation of due process for a statute to be written "'in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application . . . .'" <u>Nevada Comm'n on Ethics v. Ballard</u>, 120 Nev. 862, 868, 102 P.3d 544, 548 (2004) (quoting <u>Matter of T.R.</u>, 119 Nev. 646, 652, 80 P.3d 1276, 1280 (2003). Nor may a statute be "'so standardless that it authorizes or encourages seriously discriminatory enforcement.'" <u>Holder v. Humanitarian Law Project</u>, 561 U.S. ___, ___, 130 S.Ct. 2705, 2718 (2010) (quoting <u>United States v. Williams</u>, 553 U.S. 285, 304 (2008)).

---

...*continued*

233B.135(1)(b) ("Judicial review of a final decision of an agency must be . . . [c]onfined to the record."). We conclude this argument is unpersuasive, as it is well-settled in Nevada that constitutional issues may be raised for the first time on appeal. <u>Desert Chrysler-Plymouth v. Chrysler Corp.</u>, 95 Nev. 640, 643-44, 600 P.2d 1189, 1190-91 (1979).

SUPREME COURT
OF
NEVADA

(O) 1947A

On appeal, Schmall first argues that NRS 482.362(4) invites arbitrary application because it does not delineate which gross misdemeanors reflect an endangerment to the public at large so as to justify suspension or revocation.

NRS 482.362(4) provides that "a salesperson's license may be suspended or revoked upon the following grounds: . . . (c) Conviction of a gross misdemeanor. . . . [or] (h) Any reason determined by the Director to be in the best interests of the public." NRS 482.362(4)(c), (h). Because the Department was within its discretion to revoke Schmall's license based on either of the above grounds, Schmall's argument is misplaced as it presupposes that a gross misdemeanor must reflect endangerment to the public in order to justify suspension.

Second, Schmall contends that NRS 482.362(4) is impermissibly vague because it allows for the revocation of a professional license based on reasons unrelated to the license-holder's fitness to practice that profession.

A vagueness determination is necessarily based upon the particular facts at issue, because "[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." Hoffman Estates v. Flipside, Hoffman Estates, 455 U.S. 489, 495 (1982)).

Because the gross misdemeanor of impersonating a police officer, by its very nature, reflects an endangerment to the public and brings this particular conviction well within the scope of either subsection (c) or (h), Schmall cannot complain that, as applied to him, NRS 482.362(4) is written in terms so vague that he had to guess at their meaning. The record reflects that Schmall detained an innocent member of the public, falsely identified himself as a police officer, asked the driver

for confidential information, and apparently catalogued the direction of her travel upon release. Not only was Schmall convicted of a gross misdemeanor, but the Department concluded that, as a matter of public interest, Schmall should not be trusted with confidential personal and financial information given his poor judgment and apparent disregard for public safety.

Because the record supports that Schmall engaged in conduct clearly proscribed by the statute, his void-for-vagueness argument must fail.[3] Hoffman, 455 U.S. at 495.

Substantial evidence supports the Department's decision

Schmall also asserts that there is insufficient evidence to justify the revocation of his license. Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. State, Dep't of Mtr. Vehicles v. Becksted, 107 Nev. 456, 458 n.2, 813 P.2d 995, 996 n.2 (1991).

In determining whether to revoke Schmall's license pursuant to NRS 482.362(4), the Department reviewed the investigator's report of Schmall's conviction and conducted an administrative hearing where the investigating officer testified that Schmall's actions showed a propensity to endanger the public, and that this risk would be exacerbated by Schmall's continued access to confidential information. Although Schmall

---

[3]Moreover, Schmall's argument is unpersuasive because the Department's decision was directly related to its concern that Schmall was unfit to remain in a position with access to confidential information. See Laman v. Nevada R. E. Adv. Commission, 95 Nev. 50, 56, 589 P.2d 166, 170 (1979) (indicating that even general phrases such as "notoriously disgraceful personal conduct" and "unprofessional conduct" can provide valid bases for discipline if they were interpreted to relate directly to an employee's professional fitness).

presented evidence that he was a valued employee and that he had never accessed confidential information for personal gain, the record supports that the Department's decision was based upon evidence that a reasonable mind could accept as adequate to support a conclusion. Becksted, 107 Nev. at 458, 813 P.2d at 997; see also NRS 233B.135(3) ("The court shall not substitute its judgment for that of the agency as to the weight of evidence on a question of fact."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc:     Hon. David A. Hardy, District Judge
Janet L. Chubb, Settlement Judge
Richard F. Cornell
Attorney General/DMV/Carson City
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A